IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:04-CR-37-FL-1
No. 4:12-CV-81-FL

| | |
|---|---|
| DELAINE DONTE MOODY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter comes before the court upon the motion of Petitioner Delaine Donte Moody ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-70]. Petitioner asserts his sentence was erroneously enhanced and he is no longer a career offender in light of the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Mem. of Law in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence ("Pet'r's Mem.") [DE-70-2]. The government has responded to Petitioner's motion, Gov't's Answer to Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence ("Gov't's Answer") [DE-77], to which Petitioner has replied. Resp. in Opp'n to Gov't's Answer ("Pet'r's Resp.") [DE-78]. Finally, the government has submitted subsequently-decided authority in further support of its position. Notice of Supp. Auth. [DE-80]. Petitioner's motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it is recommended that Petitioner's motion [DE-70] be denied.

## I. BACKGROUND

On August 16, 2004, pursuant to a plea agreement, Petitioner entered a plea of guilty to distributing more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924. [DE-22]. Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal sentencing purposes.[1] As such, Petitioner was designated a career offender and thus subject to sentence enhancement under U.S.S.G. § 4B1.1. Petitioner's Presentence Investigation Report ¶¶ 79-87. Petitioner was sentenced on June 21, 2005 to a term of 293 months of imprisonment on the cocaine distribution conviction and 120 months' imprisonment on the firearm conviction. [DE-42]. The terms of imprisonment were ordered to run concurrently. The district court further imposed a 5-year term of supervised release for the cocaine distribution conviction and 3-year term of supervised release for the firearm conviction to run concurrently. Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth Circuit. On June 4, 2007, upon motion of the government pursuant to Fed. R. Crim. P. 35(b), the court amended its

---

[1] According to Petitioner's motion, on July 2, 1997, Petitioner was convicted of possession with the intent to sell or deliver cocaine and the sale of cocaine in violation of N. C. Gen. Stat. § 90-95, class H felonies, and in accordance with North Carolina structured sentencing, he was sentenced to a term of 8-10 months imprisonment. [DE-70-1 at 9-10]; *see* Pet'r's Mem. at 3 [DE-70-2]. On the same date, Petitioner was convicted further of possession with the intent to sell or deliver cocaine and the sale of cocaine in violation of N.C. Gen. Stat § 90-95, class H felonies, and in accordance with North Carolina structured sentencing, was sentenced to a term of 8-10 months imprisonment. [DE-70-1 at 1-2]. On August 15, 1995, Petitioner was sentenced to two consecutive terms of 60 months of supervised probation as a result of suspended sentences of two terms of 8-10 months incarceration stemming from Petitioner's convictions of the sale of cocaine and possession with the intent to sell or deliver cocaine, in violation of N.C. Gen. Stat. § 90-95, class H felonies. [DE-70-1 at 3-8].

2

judgment reducing Petitioner's term of incarceration as to the drug conviction to a term of 176 months. [DE-59]. On April 15, 2009, upon motion of Petitioner under 18 U.S.C. § 3582(c)(2), the court reduced Petitioner's 176 months' imprisonment term to 141 months based on a guideline sentencing range that was lowered and made retroactive by the United States Sentencing Commission pursuant to 18 U.S.C. § 944(u).[2] [DE-62]. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 challenging his classification as a career offender for purposes of federal sentencing.[3]

## II. LEGAL STANDARD

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a

---

[2]Petitioner continues to serve a 120-month concurrent term of imprisonment stemming from his firearm conviction. [DE-42, 59].

[3] Petitioner has filed a separate motion under 18 U.S.C. § 3582 and U.S.S.G. § 1B1.10(c) seeking further reduction in his sentence based on the 2011 retroactive amendments to the crack cocaine sentencing guidelines. [DE-71]; *see* Pet'r's Mem. at 2 n.2 [DE-70-2]. Petitioner's motion is not before this court.

3

petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5, 2010 WL 4484447 at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

Petitioner's sole contention is that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of *Simmons* and he seeks relief from his enhanced federal sentence. Pet'r's Mem. at 3 [DE-70-2]; Pet'r's Resp. at 1 [DE-78]. Petitioner argues that his motion is timely under § 2255(f)(4) and, in the event it is deemed untimely, that equitable tolling should apply. The government contends that Petitioner's motion is untimely and is not subject to equitable tolling. Additionally, the government contends that Petitioner's motion is barred by the appeal waiver contained in his plea agreement.

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

4

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner argues that the Fourth Circuit's decision in *Simmons* constitutes "facts supporting [his] claim" under § 2255(f)(4) which could not have been discovered with due diligence before the expiration of the time to file his motion. Pet'r's Mem. at 4-6 [DE-70-2]. He therefore contends that the one-year period of limitation for filing his § 2255 motion should be deemed to have commenced on the date of the issuance of the Fourth Circuit's decision in *Simmons*, August 17, 2011, thereby making his motion, filed May 3, 2012, timely for purposes of § 2255(f)(4). Pet'r's Mem. at 6 [DE-70-2]. Petitioner supports his contention by citing *Johnson v. United States*, 544 U.S. 295 (2005), and *Gadsen*. *Johnson* and *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction constituted a "fact" under § 2255(f)(4). As a result, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310.

"Although 'facts' in this context have been held to include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's own case." *Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370 at *2, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (emphasis added) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89) (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011

5

U.S. Dist. LEXIS 148702 at *4-5, 2011 WL 6780783 at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state conviction directly eliminating petitioner's status as a convict). Here, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. Because Petitioner has pointed to no action invalidating his state convictions, the reasoning employed in *Johnson* and *Gadsen* to trigger §2255(f)(4) does not apply.

Petitioner next argues that equitable tolling should apply to render his motion timely. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues he has been pursuing his rights diligently and the Fourth Circuit's decision in *Simmons* was an extraordinary circumstance beyond his control that prevented him from filing a timely § 2255 motion. Pet'r's Mem. at 7-8 [DE-70-2]; Pet'r's Resp. at 2-3 [DE-78]. The basis of Petitioner's argument is his contention that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), is retroactive on collateral review and that equitable tolling should apply if a petition was filed within a short time of the holding in *Simmons*. Pet'r's Resp. at 2 [DE-78] (citing *Taylor v. United States*, Nos. 5:04-CR-195-1BO, 5:12-CV-33-BO, 2012 U.S. Dist. LEXIS 49394, 2012 WL 1185007 (E.D.N.C. Apr. 6, 2012)).

6

The Fourth Circuit's recent decision in *United States v. Powell*, 691 F.3d 554 (4th Cir 2012), however forecloses Petitioner's argument. There, the court ruled that *Carachuri* articulated a procedural rule, rather than a substantive one; that the rule is not retroactively applicable to cases on collateral review; and does not permit a petitioner to benefit from the one-year period of limitation under § 2254(f)(3). 691 F.3d at 558-59; *see also Goode*, 2012 U.S. Dist. LEXIS 142370 at *3, 2012 WL 4577244 at *1; *Porter v. United States*, Nos. 5:08-CR-371-BO-1, 5:12-CV-298-BO, 2012 U.S. Dist. LEXIS 129708 at *3-4, 2012 WL 4017923 at *1 (E.D.N.C. Sept. 12, 2012). *Powell* explained that a rule is substantive if "it alters the range of conduct or the class of persons that the law punishes" and procedural if it "merely regulates '*the manner of determining* the defendant's culpability.'" 691 F.3d at 558 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). New substantive rules are applied retroactively on collateral review whereas procedural rules generally are not retroactively applicable." *Id.* Given *Powell*'s determination that the *Carachuri* rule is not a substantive rule to be applied retroactively, this court finds that equitable tolling is not available and that Petitioner has failed to present additional facts to demonstrate otherwise. *See Goode*, 2012 U.S. Dist. LEXIS 142370 at *3, 2012 WL 4577244 at *1 (finding equitable tolling did not apply in light of *Powell* where petitioner argued timeliness of petition under § 2255(f)(4)); *Porter*, 2012 U.S. Dist. LEXIS 129708 at *3-4, 2012 WL 4017923 at *1 (announcing the same proposition).

Accordingly, the Fourth Circuit's opinion in *Simmons* does not constitute a "fact[] supporting [petitioner's] claim" under § 2255(f)(4) and there are no facts to support the application of equitable tolling. Because Petitioner has failed to demonstrate that his petition was timely filed under any other provision of § 2255(f), the Petitioner's motion to vacate

7

Case 4:04-cr-00037-FL   Document 81   Filed 10/23/12   Page 7 of 8

pursuant to § 2255 is dismissed as untimely. Since this court agrees with the government's first contention that the motion is untimely, it declines to consider the remaining argument.

## IV. CONCLUSION

Based upon the foregoing, the court recommends Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [DE-70] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 22 day of October, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge