IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:04-CR-37-FL-1
No. 4:12-CV-81-FL

| | |
|---|---|
| DELAINE DONTE MOODY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 70), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to which the government has responded in opposition. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 81). Petitioner filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, and dismisses petitioner's motion.

## BACKGROUND

On August 16, 2004, petitioner pleaded guilty to being a felon in possession of a firearm and distributing more than 5 grams cocaine base. On June 21, 2005, petitioner was sentenced to a term of 120 months imprisonment on the firearm conviction and 293 months imprisonment on the distribution conviction, running concurrently. Petitioner did not file a direct appeal. Following reductions pursuant to Rule 35(b) and 18 U.S.C. § 3582(c)(2), petitioner's sentence on the distribution conviction was reduced to 141 months. On May 3, 2012, petitioner filed the instant

motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of Simmons. The government contends that petitioner's motion is untimely, among other grounds, and not subject to equitable tolling. The M&R recommends dismissal on this ground. Petitioner argues in his objections that the 2255 motion is timely under 28 U.S.C. § 2255(f)(4), and that equitable tolling is appropriate.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner argues that he is entitled to relief pursuant to § 2255(f)(4), because the Fourth Circuit decision in Simmons constitutes a "fact" as comprehended by § 2255(f)(4). This court, however, has previously rejected arguments on this basis, see United States v. Hardison, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011), as further set forth in the M&R, which the court incorporates herein. M&R at 6. Accordingly, the court finds § 2255(f)(4) inapplicable.

Petitioner also argues that equitable tolling is appropriate. An otherwise time-barred

2

petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). To benefit from equitable tolling, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004). Petitioner's equitable tolling argument, however, is foreclosed by United States v. Powell, 691 F.3d 554, 558-59 (4th Cir. 2012). Treating a change in the law as extraordinary circumstances justifying equitable tolling would render the court's holding in Powell meaningless. Moreover, no "miscarriage of justice" has occurred where the sentence imposed in this case for the firearm conviction was not greater than the statutory maximum. Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part) (quoting Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011)). Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge and DISMISSES petitioner's motion to vacate. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge

3

Case 4:04-cr-00037-FL   Document 83   Filed 04/03/13   Page 3 of 3